IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINE'S KIDS PET RESCUE, *et al.* | : | Case No. 1:17-cv-0297 |
| *Plaintiffs,* | : | Judge Christopher Boyko |
| v. | : | |
| LAKE COUNTY HUMANE SOCIETY, *et al.,* | : | |
| *Defendants.* | : | |

**Affidavit of Lee Nesler, Executive Director of the Lake Humane Society**

At the attorney conference held in Judge Boyko's chambers on February 15, 2017, the court request counsel for defendant, Lake Humane Society, to prepare a video of the cats that are the subject of the case and to prepare an affidavit contra the allegations contained in plaintiffs' Motion for Injunction and Motion for Temporary Restraining Order.

In compliance with that request, attached is the affidavit of the Lee Nesler, Executive Director of the Lake Humane Society. Inasmuch as service of the complaint has not been perfected, the filing of this affidavit does not constitute a waiver of service in the above captioned case.

Respectfully submitted,

/s/ Mary Jane Trapp
Mary Jane Trapp (0005315)
THRASHER, DINSMORE & DOLAN, L.P.A.
1111 Superior Avenue, Suite 412
Cleveland, Ohio 44114
PH: 216-255-5431 | Fax: 216-255-5450
Email: mjtrapp@tddlaw.com

*Counsel for Defendants Lake Humane Society,
Lee Nesler, Rich Harmon, Leanne Pike, Ronald Traub,
Terri Miller, Susan Fasso, Lori Caszatt,
Karin Henschel, Laura Gray, Dawn Plante,
James Schleicher and Deborah Nemeckay Doyle*

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2017, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the court's electronic filing system. Parties may access this filing through the court's system. I further certify that a copy of the foregoing has been served by first class mail, email or facsimile upon all parties for whom counsel has not yet entered an appearance and upon all counsel who have not yet entered their appearance via the electronic system.

/s/ Mary Jane Trapp
Mary Jane Trapp (0005315)

State of Ohio )
                ) SS     AFFIDAVIT OF LEE NESLER
Lake County )         Executive Director, Lake Humane Society

Now comes Lee Nesler, having been first duly sworn according to law, and deposes and states as follows:

1. Affiant is the Executive Director of the Lake Humane Society, and is authorized to submit this affidavit in her representative capacity.

2. This Affidavit is based upon affiant's personal knowledge of the matters stated below.

3. In regard to plaintiffs' allegations of retaliation, Lake Humane Society only investigates credible allegations of animal abuse or neglect. It is necessary for the shelter to continue to perform its duties during the pendency of this lawsuit; thus, should an allegation arise pertaining to an individual plaintiff or plaintiffs' family member, a humane agent would contact the individual through the attorneys to set up a conversation and subsequent animal inspection, if necessary.

4. Criminal charges were filed against plaintiffs, Tom Brown and Judie Brown, prior to the filing of this lawsuit; thus, plaintiffs' request to prevent the filing of charges is moot.

5. Cats have only been euthanized for medical reasons. To date, five cats have been euthanized for medical reasons and three have died in our care. Lake Humane Society has made no euthanization decision based on behavior or FIV/ FeLV status. Unfortunately, some of the older animals from Caroline's Kids Cat Rescue with FIV and/or FeLV, as well as other serious medical conditions, suffer from a reduced immune system and have been unable to maintain a higher status of health than the other felines with fewer medical issues. There is the potential for euthanasia of these animals if they continue to decline with the daily supportive care they are receiving.

6. Lake Humane Society will continue to care for them and provide the daily palliative care for the elderly animals.

7. Lake Humane Society created the attached matrix for the cats seized and acquired (two kittens that were traded for "Hazel") from Caroline's Kids Cat Rescue. It has been updated and is attached hereto as Exhibit A. This matrix identifies each individual animal, its medical conditions, and testing. The cats were certified by our veterinarian on 16 February 2017. The number of cats is consistent with the report. A copy of the veterinarian's credentials is attached hereto as Exhibit B.

8. To provide a visual "proof of life" for the animals, a video (Exhibit C) was taken opportunistically, during the cleaning process in the facility. The thumb drive with the video will be submitted to the court. The viewer should take into account that the water bowls, food and litter pan may be in the process of being cleaned and therefore not in the video clip at that time.

9. Providing visitation by any plaintiff would be disruptive to the feeding, cleaning, and medicating process of these cats, and given the vitriol being published by plaintiffs and their supporters, Lake Humane society fears that such "visitation" would most likely devolve into disturbances and interference of the peaceful operation of its facility.

10. Plaintiffs voluntarily surrendered the animals to Lake Humane Society and waived their statutorily provided right to a probable cause hearing. In fact, Lake Humane Society offered to accept twenty healthy cats in exchange for the twenty FeLV cats and ferals. This arrangement would be more in alignment with the Caroline's Kid's mission to be a sanctuary than Lake Humane Society's mission as an adoption organization. Caroline's refused the offer and agreed to voluntarily surrender all of the cats instead and waived its right to a probable cause hearing that would have determined whether or not Lake Humane had probable cause to seize the cats. If Lake Humane was found

not to have probable cause after hearing by the Court, the cats would have been returned to Caroline's Kids. The probable cause hearing date was set by Painesville Municipal Court and had been continued one previous time by previous counsel for Caroline's Kids. Attorney Sasse and Attorney Kent Minshall attended the continued probable cause hearing on behalf of Caroline's Kids and never requested a continuance with the Court.

11. At no point did Lake Humane Society seek $48,000.00 in restitution from any of the Caroline's Kids plaintiffs. Multiple emails from Attorneys Sasse and Minshall confirm that Lake Humane Society was asking for $9,000.00 in restitution when its costs had, at that point, already exceeded $20,000.00 to care for the seized cats.

12. No "detrimental" actions have been taken. Lake Humane Society has provided surgery that is medically necessary for the cats. A limb removal was done for a cat with cancer and dental surgeries have been completed for the cats in the most need. There are over ninety cats in need of dental procedures including surgery with extractions. Delaying the necessary medical care now that they are healthy enough for it will only prolong the need of continued pain medication and antibiotics. Many of the cats will not resolve their upper respiratory issues until the teeth are removed and the gum line has healed. All treatment has been ordered by a licensed veterinarian.

13. In regard to the feral cats, the Lake Humane Society has worked with the cats on a daily basis and has found some of the cats who were living in the feral room at Caroline's Kids Cat Rescue to be more fractious than feral. Since these cats also have medical conditions that need regular medication, Lake Humane Society has worked slowly with them to create a system so they can receive the medication. The cats who have warmed up to living with humans will be placed with knowledgeable adopters. At the time when

the cats are ready for adoption, Lake Humane Society will seek placement in a suitable sanctuary or space, if available.

14. In regard to the dog "Chase," he is alive as documented by the "proof of life" photo attached hereto as Exhibit D. Chase came to the attention of Lake Humane Society through a call from a veterinary office staff member who reported that Chase's owner, plaintiff, Patricia Nowak, brought Chase to their office asking for Chase to be put down. The request was refused because there was no medical reason for Chase to be put down.

15. The video cameras that plaintiff, Judie Brown, references in her affidavit in support of her motion provide poor quality streaming, which does not show the true health condition of the cats to the viewers. Conditions such as stomatitis and some URI symptoms as well as skin conditions such as ringworm.

16. The complainant regarding Caroline's Kids reported she was shocked to see the condition of the cats. There was mass sickness notably visible and auditory signs of URI, along with purulent mucoid discharge and sneezing. Some of the cats had sneezed so much they were sneezing blood.

17. The humane agent visited the sanctuary and spoke with plaintiff Virginia "Ginny" Wolford-Lee, a sanctuary staff member outside of the facility. The agent reported that she explained that she was there to do an inspection. Ginny put the agent on the phone with plaintiff, Judie Brown. The agent reported she then explained why she was there and that she would be inspecting the facility. The agent reported that Judie Brown gave her permission to inspect, view, and remove records for the cats.

18. After a walk through the agent determined there were animals that needed veterinary care. The humane agent went to the courthouse for a search warrant.

19. Lake Humane Society veterinarian at the time, Dr. Brown, was a part of the initial seizure at Caroline's Kids. He assessed the animals in the rooms and determined the illnesses in their population required the animals to be seized from the facility for immediate care. He left the instructions with the veterinary technician.

20. The dental disease is stomatitis, which is much different from gingivitis. Gingivostomatitis is a debilitating feline dental disease marked by severe and chronic inflammation of a cat's gingiva (gums) and mucosa, the moist tissue that lines its oral cavity.

21. Lake Humane Society staff allowed the Caroline's Kids staff members to say good-bye to the animals and permitted them to take animals back out of the crates so they would be able to hug them and say good-bye to them.

22. Lake Humane Society had plaintiff's, Judie Brown, permission to remove the records with the cats.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Lee Nesler

SWORN TO BEFORE ME, a Notary Public, and subscribed in my presence this 21st day of February, 2017.

_____
Notary Public

MARY JANE TRAPP, Attorney
Notary Public, State of Ohio
My commission has no expiration date.
Section 147.03 R.C.