UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINE'S KIDS PET RESCUE, et al., | ) | CASE NO.:  1:17-CV-00297 |
| | ) | |
| Plaintiffs, | ) | JUDGE:  CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **DEFENDANTS', LAKE HUMANE** |
| | ) | **SOCIETY, LEE NESLER, RICH** |
| LAKE HUMANE SOCIETY, et al., | ) | **HARMON, LEANNE PIKE, RONALD** |
| | ) | **TRAUB, TERRI MILLER, SUSAN** |
| Defendants | ) | **FASSO, LORI CASZATT, KARIN** |
| | ) | **HENSCHEL, LAURA GRAY, DAWN** |
| | ) | **PLANTE, JAMES SCHLEICHER, AND** |
| | ) | **DEBORAH NEMECKAY DOYLE,** |
| | ) | **BRIEF IN OPPOSITION TO** |
| | ) | **PLAINTIFFS' MOTION FOR** |
| | ) | **PRELIMINARY INJUNCTION AND** |
| | ) | **TEMPORARY RESTRAINING ORDER** |
| | ) | |

Now come Defendants, Lake Humane Society, Lee Nesler, Rich Harmon, Leanne Pike, Ronald Traub, Terri Miller, Susan Fasso, Lori Caszatt, Karin Henschel, Laura Gray, Dawn Plante, James Schleicher, and Deborah Nemeckay Doyle, by and through counsel Mazanec, Raskin & Ryder Co., L.P.A. and Thrasher, Dinsmore & Dolan, L.P.A., and hereby submit their Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order. For the reasons that follow, Plaintiffs' Motion for a Preliminary Injunction and Temporary Restraining Order should be denied.

## I.    Introduction.

Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining Order (TRO) arise from the removal of animals from the Plaintiffs' residences and subsequent criminal

prosecutions resulting therefrom.[1]   Specifically, Plaintiffs request that Defendants be enjoined from carrying out their lawful duties in relation to the removal of companion animals from inhumane conditions.   Furthermore, Plaintiffs seek to circumvent the pending criminal prosecutions of Plaintiffs.   In doing so, Plaintiffs attempt to ground their request for injunctive relief in a meritless claim that the Ohio statutory framework providing authority and immunity to the Lake Humane Society and its employees/agents is unconstitutional.   Upon this false premise, plaintiffs make the unsupported claims that the Lake Humane Society employees/agents are using this unconstitutional statutory framework to engage in extortion and intimidation to further their monetary goals.

As will be established below, the Supreme Court of the United State's decision in *Younger v. Harris,* 401 US 37, 45 (1971), explicitly precludes the issuance of a preliminary injunction/TRO. Also, Plaintiffs cannot meet the requisite standard for the issuance of a preliminary injunction/TRO.  Specifically, and as supported by the Affidavit of Lee Nesler (Doc. #8, Page ID# 98-112), Executive Director of Lake Humane Society previously filed in this action, there is no clear and convincing evidence to show a substantial likelihood of success on the merits; there is no clear and convincing evidence of an irreparable harm; and there is no clear and convincing evidence that the public's interest will be served by the issuance of an injunction/TRO.   Thus, Plaintiffs' request for a preliminary injunction/TRO should be denied.

## II.     *Younger* **precludes the preliminary injunction/TRO.**

Plaintiffs' preliminary injunction/TRO seeks to circumvent the Defendants from carrying out their lawful actions of removing animals from inhumane conditions, taking custody of such

---

[1] Neither the Complaint nor the Motion for Preliminary Injunction/TRO make any specific allegations regarding the removal of animals from the homes of Plaintiffs, Ellen Distler and Virginia Lee.  However, based upon the pending criminal prosecutions and broad allegations of the Complaint, it is assumed for purposes of this brief in opposition that animals were removed from the homes of Plaintiffs Distler and Lee.

animals, providing such animals with necessary medical care, euthanizing animals when authorized or medically necessary, and criminally prosecuting those who engage in cruelty to animals.  In doing so, Plaintiffs issue a post hoc challenge to the constitutionality of the Ohio statutory framework that provide Defendants the authority to lawfully carry out these duties (R.C. §§1717.01-.15; R.C. 955.15-.27).  The Supreme Court's decision in *Younger* explicitly precludes Plaintiffs' post hoc attempt to avoid these statutory authorities and pending criminal prosecutions.

In *Younger*, 401 U.S. 748-749, the defendant was charged with violating a California criminal statute.  Like this case, after the defendant in *Younger* had engaged in the prohibited action and while there was a contemporaneously pending criminal action in a state court, the defendant brought a lawsuit under 42 U.S.C. §1983 to obtain an injunction.  *Id*.  Again, analogous to this matter, the defendant in *Younger* sought to have the state criminal prosecution enjoined based upon the alleged unconstitutionality of a state statute.

In *Younger*, the Supreme Court held that the possible unconstitutionality of a state statute is not a basis for a federal court to enjoin state court proceedings brought pursuant to such statute. This holding forms the basis of the *Younger* abstention doctrine, which directs federal courts to abstain from adjudicating pending state court matters.   Indeed, "[a]bsent extraordinary circumstances, abstention is mandatory, not discretionary, where the federal lawsuit would interfere" with an ongoing state judicial proceeding that involves important state rights and there is an adequate opportunity in the state proceedings to raise the claimed constitutional issues. *Dabney v. Cleveland Hts. Police* (N.D.Ohio, 2014), unreported, 2014 WL 2837562, at 3; *Kelly v. Lopeman* (S.D.Ohio, 1989), unreported, 1989 WL 281903, at 1, citing *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982).

Extraordinary circumstances that represent exceptions to abstention are bad faith prosecution/harassment or flagrant unconstitutionality. *Goodwin v. Cty. of Summit* (N.D.Ohio, 2014), 45 F.Supp.3d 692, 701-702. These exceptions, however, have been interpreted narrowly, and Plaintiffs bear the burden of demonstrating any such exception. *Id*. The exception relating to bad faith or harassment has been rarely applied. *Id*. In *Tindall v. Wayne Cnty. Friend of the Court,* 269 F.3d 533, 539 (6th Cir.2001), the Sixth Circuit held that:

> Although the Supreme Court has recognized that bad-faith prosecution of an individual may serve as a proper exception to the *Younger* abstention doctrine ... we have found no Supreme Court case that has ever authorized federal intervention under this exception. Such cases are thus exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court[.]

The Sixth Circuit has also noted that the "bad faith" exception has only been considered under "one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken–N.K., Inc. v. Vernon Twp.,* 18 Fed.Appx. 319, 324–25 n. 2 (6th Cir.2001) (citation omitted). See, also, *Berger v. Cuyahoga Cnty, Bar Ass'n* (N.D.Ohio 1991)*,* 775 F.Supp. 1096, 1100 ("The standard for evaluating claims of bad faith and bias is difficult to meet.").

The second exception relating to patently unconstitutional laws is only available if the underlying state law is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger,* 401 U.S. at 53-54. "This exception ... appears to be even more narrow than the bad faith or harassment exception; the Supreme Court has never found it to be applicable since it first announced the exception in *Younger*." *Zalman v. Armstrong*, 802 F.2d 199, 206 (6th Cir1986) (citations omitted).

4

In this case, abstention is mandatory, and there are no extraordinary circumstances precluding abstention.  First, there are pending state criminal charges against Plaintiffs Brown and Distler.  The pending criminal charges of animal cruelty (R.C. 959.131) resulted from the Defendants' lawful actions carried out under the statutes Plaintiffs now contend are unconstitutional.  On this basis, Plaintiffs request that Defendants be enjoined from further acting under the statutes and from further pursuing the pending criminal prosecutions.  Accordingly, the requested injunction/TRO directly interferes with a pending state judicial matters.

Next, the statutory authority and actions Plaintiffs claim are unconstitutional implicate important state rights relating to the enforcement and prosecution of state laws against animal cruelty.

Also, Plaintiffs have an adequate opportunity in the state court proceedings to make constitutional challenges to the statutes and actions at issue.  In fact, Plaintiffs Brown and Distler have submitted motions to suppress and requests for a Franks' Hearing in the state court criminal proceedings.  (See State Court Criminal Docket Entries attached hereto as Ex. A.)

Finally, there are no extraordinary circumstances that would preclude abstention.  There are no allegations – let alone clear and convincing evidence – that Plaintiffs Brown and Distler have been subject to repeated bad faith prosecution or that the Lake Humane Society has no intention to follow through with their prosecution.  To the contrary, the state criminal court dockets establish that Lake Humane Society is fully pursuing the prosecution of Plaintiffs Brown and Distler.  (See, also, Lee Nesler Affidavit)  And Plaintiffs Brown and Distler have not yet availed themselves of the state appellate process with respect to the criminal prosecutions. In addition, Plaintiffs have failed to cite any flagrantly and patently unconstitutional prohibitions in every clause, sentence and paragraph of the subject Ohio statutes.   Accordingly, none of the

extraordinary exceptions apply. *Goodwin*, supra. See, also, *Rucci v. Mahoning Cnty.* (N.D.Ohio, 2011)*,* unreported, 2011 WL 5105812, at 8.

Based upon the foregoing, the *Younger* abstention is mandatory, and no extraordinary exception applies. Accordingly, the *Younger* abstention requires Plaintiffs' preliminary injunction/TRO requests be denied.

## III.     Standard for Preliminary Injunction/TRO

At the outset, the standard for obtaining a preliminary injunction and TRO are the same. *Workman v. Bredesen,* 486 F.3d 896 (6th Cir. 2007). Indeed, injunctive relief is an extraordinary remedy and is to be issued cautiously and sparingly. *Weinberger v. Romero-Barcelo*, 456 US 305, 312-313 (1982).

There are four factors that must be balanced in order to obtain a preliminary injunction: (1) that there is a substantial likelihood Plaintiffs, as the moving party, will prevail on the merits of their claims; (2) that Plaintiffs will suffer irreparable injury if the injunction is not granted; (3) that no third-parties will be unjustifiably harmed if the injunction is granted; and (4) that the public interest will be served by the injunction. *Montgomery, et al. v. Carr,* 848 F.Supp. 770, 775 (S.D.Ohio, 1993); *Honeywell, Inc. v. Brewer-Garrett Co.,* 145 F.3d 1331 (6th Cir.1998). Although no single factor is determinative of the availability of a preliminary injunction, a finding that there is no substantial likelihood of success on the merits is usually fatal. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir.2000).

Plaintiffs' request for a preliminary injunction/TRO incorrectly states that these four factors need to be established by a preponderance of the evidence. To the contrary, Plaintiffs are required to establish each factor via clear and convincing evidence. *Honeywell*, 145 F.3d 1331. See, also, *Garlock, Inc. v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir.1968). Courts are not required to

resolve difficult issues of law or fact when deciding a motion for a preliminary injunction. *Montgomery* at 775.  Furthermore, "[a] party must show more than a mere possibility of success to obtain a preliminary injunction." *Id.*

### A. There is no clear and convincing evidence that Plaintiffs have a substantial likelihood of success on the merits.

Plaintiffs seek injunctive relief premised upon the alleged unconstitutionality of Ohio Revised Code sections providing the Defendants with authority and duty to protect companion animals from inhumane treatment.  However, it is well established that in Ohio, state statutes are presumed to be constitutional, and Plaintiffs will have to show that the statutes are unconstitutional beyond a reasonable doubt.  *City of Akron ex rel. Christman-Resch v. City of Akron*, 159 Ohio App.3d 673, 2005-Ohio-715, ¶ 21; *State v. Cook,* 83 Ohio St.3d 404, 409, (1998); *State v. Coleman* (1997), 124 Ohio App.3d 78, 80; citing *United States v. Salerno*, 481 U.S. 739, 749 (1987).  Further, Ohio Court of Appeals have considered and rejected constitutional challenges to Ohio humane society laws. *State v. Smith*, 9th Dist. Wayne No. 15 AP 0001, 2017-Ohio-359; *Lay v. Chamberlain*, 12th Dist. No. CA99-11-030, 2000 WL 1819060.

The allegations made by Plaintiffs simply do not demonstrate beyond a reasonable doubt that the relevant Ohio statutes and Defendants' actions are unconstitutional.  Rather, Plaintiffs simply allege that the statutes are unconstitutional because Ohio's humane societies are using the statutes to threaten and intimidate pet shelter owners for monetary gain.  This ignores the fact that humane societies are non-profit organizations with the goal of promoting the humane treatment of animals and enforcement of laws for the prevention of cruelty.  *Wilkins v. Daniels* (S.D.Ohio, 2012), unreported, 2012 WL 6015884; R.C. 1717.02.  The Ohio statutes at issue and Defendants' actions embody this goal.

Plaintiffs have only made unsupported allegations and legal conclusions that the Defendants' actions in enforcing laws to prevent animal cruelty were for some illegitimate purpose. To the contrary, the Affidavit of Lee Nesler shows that the Defendants' actions have furthered the important objectives of the humane society. Accordingly, Plaintiffs have not submitted any clear and convincing evidence that would show a substantial likelihood of success on the merits. For this additional reason, Plaintiffs' request for preliminary injunction/TRO should be denied. *Gonzales*, 225 F.3d at 625.

**B. There is no clear and convincing evidence that Plaintiffs will suffer any irreparable harm.**

The Sixth Circuit has noted that if the claimed injuries are susceptible of being compensated via money damages, then irreparable harm cannot be established. *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103, (6th Cir.1991). Here, there are monetary damages available to Plaintiffs if they are successful on their racketeering claim (18 U.S.C. §1964) or their claimed constitutional violations under 42 U.S.C. 1983 (42 U.S.C. §1988). Moreover, Ohio Courts have found that pets are considered personal property for which a pet owner can be compensated the market value lost due to injury or loss of such pet. See, e.g., *Reed v. Vickery* (S.D.Ohio, 2009), unreported, 2009 WL 3276648, at 7. Because Plaintiffs can be monetarily compensated in this matter, they cannot show irreparable harm. For this additional reason, Plaintiffs' request for preliminary injunction/TRO should be denied.

**C. There is no clear and convincing evidence that the public interest will be served by the injunction.**

There is also no clear and convincing evidence that the public interest will be served by the preliminary injunction/TRO. To the contrary, the preliminary injunction/TRO will be detrimental to the public's interest in safeguarding animals and pets from inhumane conditions and

8

enforcement of animal cruelty laws.  (See Affidavit of Lee Nesler)  Plaintiffs' motion asks the Court to enjoin the Defendants from further pursuing criminal prosecutions of Plaintiffs Distler and Brown; from future care and treatment of any additional animals removed from Plaintiffs' homes, and from future enforcement of the subject Ohio laws claiming that such enforcement would be retaliation.  To reiterate, humane societies are non-profit organizations charged with the goal of promoting the humane treatment of animals and enforcement of laws for the prevention of animal cruelty.  *Wilkins*, unreported, 2012 WL 6015884; R.C. 1717.02.  The requested injunctive relief would prevent the Defendants from taking necessary and lawful action to safeguard pets and animals.  (See Affidavit of Lee Nesler)  Thus, the granting of the preliminary injunction/TRO would harm the public's interest in preventing animal abuse.  For this additional reason, the request for preliminary injunction/TRO should be denied.

**IV.    Conclusion.**

In conclusion, the Supreme Court's decision in *Younger* expressly requires the denial of Plaintiffs' motion.  Moreover, Plaintiffs have failed to establish the factors necessary for the issuance of a preliminary injunction/TRO and, for this additional reason, the preliminary injunction/TRO should be denied.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John D. Pinzone*
THOMAS S. MAZANEC (0009050)
JOHN D. PINZONE (0075279)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:    tmazanec@mrrlaw.com
jpinzone@mrrlaw.com

9

*/s/ Mary Jane Trapp*
MARY JANE TRAPP (0005315)
Thrasher, Dinsmore & Dolan LPA
1111 Superior Avenue, Suite 412
Cleveland, Ohio 44114
Telephone: (216) 255-5431
Facsimile: (216) 255-5450
Email: mjtrapp@tddlaw.com

Counsel for Defendants, Lake Humane Society, Lee
Nesler, Rich Harmon, Leanne Pike, Ronald Traub,
Terri Miller, Susan Fasso, Lori Caszatt, Karin
Henschel, Laura Gray, Dawn Plante, James
Schleicher, and Deborah Nemeckay Doyle

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2017, a copy of the foregoing Defendants' Brief in
Opposition to Plaintiffs Motion for Preliminary Injunction and Temporary Restraining Order was
filed electronically.  Notice of this filing will be sent to all registered parties by operation of the
Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/John D. Pinzone*
THOMAS S. MAZANEC (0009050)
JOHN D. PINZONE (0075279)

Counsel for Defendants Lake Humane Society, Lee
Nesler, Rich Harmon, Leanne Pike, Ronald Traub,
Terri Miller, Susan Fasso, Lori Caszatt, Karin
Henschel, Laura Gray, Dawn Plante, James
Schleicher, and Deborah Nemeckay Doyle

USLIG-170066/Lake Humane's BIO to Plaintiffs Request for Preliminary Injunction and Temporary Restraining Order