**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROLINE'S KIDS PET RESCUE, et al.,** ) | ) ) | **CASE NO. 1:17CV297** |
| Plaintiffs, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) ) | **OPINION AND ORDER** |
| **LAKE HUMANE SOCIETY, et al.,** | ) ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiffs' Motion (ECF DKT #2) for Preliminary Injunction and Temporary Restraining Order, as well as the Motion (ECF DKT #25) of Defendant Jeff Greco to Stay. For the following reasons, Plaintiffs' Motion for injunctive relief is denied; but the stay is granted and the above-captioned case is removed from the active docket.

**I. BACKGROUND**

Plaintiffs Tom and Judie Brown operate the non-profit organization, Caroline's Kids Pet Rescue, in Painesville, Ohio. The Rescue accepts and cares for abandoned, feral, ill, aged and dying cats. Allegedly, on November 17, 2016, Defendant Lake Humane Society received

a complaint that cats at Caroline's Kids were being mistreated. On November 28, 2016, humane agent, Leanne Pike, and Lake Humane employee, Mandy Osborne, came to the Caroline's Kids premises to investigate the complaint. They received permission over the phone from Judie Brown to enter and look at the facility, the animals and veterinary records. Following Pike and Osborne's investigation, Lake Humane obtained search warrants and seized nearly 161 cats.

A county humane society is authorized by § 2931.18 of the Ohio Revised Code to appoint an attorney to prosecute violations of law relating to the prevention of cruelty to animals. On December 11, 2016, Lake Humane appointed Defendant, DanaMarie Pannella, Esq., of the law firm Holland & Muirden, as special prosecutor on the Caroline's Kids investigation. Defendant Pannella reviewed the relevant reports, photos and post-seizure veterinary diagnoses and determined that sufficient evidence existed to charge Plaintiffs Tom and Judie Brown with Companion Animal Cruelty, in violation of Ohio Revised Code § 959.131, a Misdemeanor of the Second Degree. The parties could not reach an agreement to avoid prosecution, which would have included the payment of restitution in the amount of $9,000.00 to Lake Humane for the costs of rehabilitation and boarding of the cats. A mandatory probable cause hearing was scheduled. The Browns obtained a continuance of the first hearing and later, waived their right to a probable cause hearing. On February 14, 2017, animal cruelty charges were filed against Tom and Judie Brown in Painesville Municipal Court. Their cases remain pending.

On February 13, 2017, Plaintiffs Caroline Kids, Tom Brown, Judie Brown and others filed the instant Complaint against Lake Humane, its Board and Officers, DanaMarie

Pannella, J. Jeffrey Holland and Officer Jeff Greco of the Mentor Police Department. Plaintiffs seek redress of Fourteenth Amendment violations, a declaration of the unconstitutionality of the Ohio statutory scheme for humane societies, and damages for fraud, extortion and other activities by Lake Humane, a Racketeer Influence and Corrupt Organization ("RICO"). On the same date, Plaintiffs filed their Motion (ECF DKT #2), seeking a Court Order restraining all Defendants from the following:

1) Retaliation in any manner against all parties, Plaintiffs' witnesses, Plaintiffs' employees, attorneys, the families of all such individuals and/or the personal pets, farm animals, and/or companion animals belonging to said individuals and/or their family members;

2) Filing of criminal charges against Plaintiffs Tom and Judie Brown;

3) Pursuit of criminal prosecution of Plaintiffs Ellen Distler and Virginia Lee;

4) Euthanization [sic] of additional cats seized from Plaintiff Caroline's Kids Pet Rescue;

5) Prevention of visitation with and/or inspection of the cats seized from Plaintiff Caroline's Kids Pet Rescue by any Plaintiff;

6) Taking any action that is in any way detrimental to the cats seized from Plaintiff Caroline's Kids Pet Rescue;

7) Allowing adoption of the feral cats seized from Plaintiff Caroline's Kids Pet Rescue.

The Lake Humane Defendants, Defendants Pannella and Holland, and Defendant Greco oppose Plaintiffs' Motion for Preliminary Injunction and Temporary Restraining

Order, arguing in part that the *Younger* Doctrine requires the Court to abstain from considering Plaintiffs' claims or to dismiss them altogether.

## II. LAW AND ANALYSIS

**Injunctive Relief**

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant injunctive relief: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction. *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F.3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007). While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)), "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

The moving party must establish their case by clear and convincing evidence. *See Deck v. City of Toledo*, 29 F. Supp.2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968).

**_Younger_ Doctrine**

The United State Supreme Court, in *Younger v. Harris*, 401 U.S. 37 (1971),

determined that federal courts should not interfere with ongoing state criminal proceedings absent a showing of extraordinary circumstances. In the absence of "bad faith, harassment or any other unusual circumstance," federal courts should abstain whenever a plaintiff seeks to obtain an injunction against a state court proceeding. *Younger at* 37. Three elements must be present for the *Younger* Doctrine to apply: (1) an ongoing state judicial proceeding; (2) the proceeding must implicate an important state interest; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Sun Ref. & Mktg. Co. v. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990). "So long as the constitutional claims of [plaintiffs] can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate, the federal courts should abstain." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Moreover, the Sixth Circuit has held the *Younger* Doctrine applies in cases where plaintiffs seek monetary damages. See *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1075 (6th Cir. 1998) (holding, "[plaintiff's] present federal action for damages under 42 U.S.C. §1983 and the Fair Housing Act is a textbook case for *Younger* abstention"); *Schilling v. White,* 58 F.3d 1081, 1084 (6th Cir.1995) ("our Circuit has recognized that the relevant inquiry when considering abstaining under *Younger* is the nature and degree of the state's interest in its judicial proceedings, rather than whether a party is seeking injunctive relief or monetary damages.").

**Plaintiffs' likelihood of success on the merits**

Plaintiffs assert that Lake Humane and other Ohio humane societies are endowed with

sovereign immunity by operation of an unconstitutional statutory scheme. Further, these humane societies have the right to hire agents who are empowered to arrest, investigate and seize property; and to hire their own attorneys as special prosecutors who are empowered to charge anyone with criminal conduct. Plaintiffs complain that the humane societies use tactics such as "extortion, coercion, and manufacturing of criminal charges in order to intimidate owners and staffs of private animal shelters to go out of business and/or turn over a substantial portion, if not all, of their funding." (Plaintiffs' Motion, ECF DKT #2 at 4). If Defendants are not enjoined, they will retaliate against those, like Plaintiffs, who oppose them, will pursue criminal prosecutions of animal neglect and cruelty, will euthanize more of the cats seized from Caroline's Kids and will subject Plaintiffs to public disrespect and disdain.

Plaintiffs must establish that there is a substantial likelihood that their claims will succeed on the merits by clear and convincing evidence. *Honeywell, Inc. v. Brewer-Garrett Co.*, 145 F.3d 1331 (6th Cir. 1998); *Garlock*, 404 F.2d at 257. Plaintiffs must show more than a "mere possibility of success." *Montgomery, et al. v. Carr*, 848 F.Supp. 770, 775 (S.D.Ohio 1993). Because a preliminary injunction is "one of the most drastic tools in the arsenal of judicial remedies," *Bonnell v. Lorenzo*, 241 F.3d 800, 808 (6th Cir. 2001), the proof required is more stringent than that required to survive a summary judgment motion. *Farnsworth v. Nationstar Mortgage, LLC*, 569 F.App'x 421, 425 (6th Cir. 2014).

Plaintiffs have not satisfied their strict burden. Their affidavits aver that the seizure of the cats from Caroline's Kids was not justified – that many of them suffered, not from life-threatening ailments, but from common gum disease. They aver that they fear repeated

warrantless invasions of their premises and homes and that they must "consent" to pay Lake Humane Society for care of the cats that never should have been seized. Basically, Plaintiffs are disputing whether Lake Humane had probable cause to search the premises and remove animals. It is worth noting that the prosecution of criminal cases involving companion animals requires a probable cause hearing after seizure pursuant to Ohio Revised Code § 959.132(E)(1). Plaintiffs Tom and Judie Brown, with advice of counsel, waived their right to a probable cause hearing.

The Court finds that, at best, Plaintiffs' affidavits create issues of fact. That degree of proof might be sufficient to defeat summary judgment, but does not meet the necessary clear and convincing evidence standard for an injunction to issue.

Plaintiffs also seek to enjoin Defendants' filing of criminal charges against Plaintiffs Tom and Judie Brown, as well as the pursuit of criminal prosecution of Plaintiffs Ellen Distler and Virginia Lee. (As was previously mentioned, criminal charges were instituted against the Browns on February 14, 2017 and are pending today).

The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits federal courts from ordering a halt to state court proceedings, except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988). None of those exceptions exists here.

Thus, the Court determines that Plaintiffs have no likelihood of prevailing on the merits of their claims.

**Irreparable injury**

Likewise, the Court finds that Plaintiffs will not suffer irreparable harm in the absence

of a restraining order or a preliminary injunction. Plaintiffs acknowledge the appropriateness of money damages since Plaintiffs' Complaint prays for damages of five million dollars to compensate them for the Defendants' illegal acts violating Plaintiffs' rights to the Freedom of Association as guaranteed by the First Amendment, rights to Due Process and Equal Protection as guaranteed by the Fourteenth Amendment, and the right to be free from unreasonable Search and Seizure as guaranteed by the Fourth Amendment. Moreover, injury to, or loss of, a pet or companion animal is susceptible to being compensated via money damages. *Reed v. Vickery*, No. 2:09-cv-91, 2009 WL 3276648 (S.D.Ohio Oct.9, 2009).

**Serving public interest**

The Court finds that the State of Ohio has a legitimate interest in safeguarding animals from inhumane treatment and in enforcing the State's animal cruelty laws. Humane societies are charged with the responsibility of promoting the care of animals and preventing their mistreatment. The Court's enjoining enforcement of animal cruelty statutes by Lake Humane or preventing the pursuit of animal cruelty prosecutions by the special prosecutor, Defendant Pannella, would be in direct contravention of the public interest.

**Abstention**

Under the first prong of *Younger*, a court must consider whether proceedings in state court are pending. The filings in the within matter demonstrate that proceedings are on-going against Tom and Judie Brown in Painesville Municipal Court. The Court's own research reveals that Tom Brown had a jury trial and was found guilty on twenty-four counts. He is awaiting sentencing. In *Huffman v. Pursue Ltd.,* 420 U.S. 592, 608-609 (1975), the United States Supreme Court held that *Younger* principles apply until a federal plaintiff exhausts his

state appellate remedies. In *Huffman,* the Supreme Court explained its rationale for applying *Younger* throughout the appellate process:

> Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial. Intervention at the later stage is if anything more highly duplicative, since an entire trial has already taken place, and it is also a direct aspersion on the capabilities and good faith of state appellate courts. *Id*. at 608.

The Supreme Court continued: "We therefore hold that *Younger* standards must be met to justify federal intervention in a state judicial proceeding as to which a losing litigant has not exhausted his state appellate remedies." *Id.*

The initial prong of *Younger* is met since Plaintiff Brown is awaiting sentencing and will still have his appellate rights available to him.

Under the second prong of *Younger*, the proceedings "must implicate an important state interest." In *Miskowski v. Peppler,* 36 F.App'x. 556, 557 (6th Cir. 2002), the Sixth Circuit held that punishing conduct proscribed by statute satisfies the important state interest prong under *Younger*. Plaintiffs Tom and Judie Brown were charged with Companion Animal Cruelty, in violation of Ohio Revised Code § 959.131, a Misdemeanor of the Second Degree. The second prong of *Younger* is satisfied.

Finally, under the third prong of *Younger*, there must be an adequate opportunity in the state proceeding to raise constitutional challenges. Federal courts "must presume that the state courts are able to protect the interests of a federal plaintiff." *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995). In the case at bar, Plaintiffs had an opportunity assert their constitutional defenses in the criminal proceedings and Plaintiffs do not contend the state courts are inadequate. In fact, Plaintiffs concede that "there is a great likelihood that said Constitutional

-9-

issues might well be raised in that prosecution in Painesville Municipal Court." (ECF DKT #2 at 7).

The Court may be precluded from abstaining under *Younger* if there is a showing of bad faith, harassment or extraordinary circumstances. Plaintiffs allege that the state prosecutions were brought in bad faith and to harass Plaintiffs into paying illegal "restitution." (ECF DKT #30 at 4). However, the Court notes that the statutory scheme at issue here mandates a probable cause hearing upon the seizure of allegedly mistreated or endangered animals. The Court also notes that Plaintiffs waived that hearing at which they would have had the opportunity to challenge the charges. Also, restitution is authorized by statute upon conviction of animal cruelty; and Plaintiffs have the option of going forward with a trial rather than executing a non-prosecution agreement.

Plaintiffs have not demonstrated any circumstance preventing this Court's exercise of abstention.

### III. CONCLUSION

In view of the foregoing analysis, Plaintiffs have not established, to the requisite degree of proof, their entitlement to injunctive relief. Furthermore, this Court is bound by the application of the *Younger* Doctrine to abstain from hearing Plaintiffs' Verified Complaint regarding a pending state court proceeding which implicates a significant state interest, and which provides Plaintiffs an adequate opportunity to assert their constitutional challenges.

Therefore, Plaintiffs' Motion (ECF DKT #2) for Preliminary Injunction and Temporary Restraining Order is denied. The Motion (ECF DKT #25) of Defendant Jeff Greco to Stay is granted and the above-captioned case is removed from the active docket.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: September 11, 2017**