**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CAROLINE'S KIDS PET** | ) | **CASE NO. 1:17CV297** |
| **RESCUE, et al.,** | ) | |
| **Plaintiffs,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | **OPINION AND ORDER** |
| **LAKE HUMANE SOCIETY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #50) of Defendants

J. Jeffrey Holland and DanaMarie Pannella to Dismiss.  For the following reasons, the Motion

is granted.

**I. BACKGROUND**

Plaintiffs Tom and Judie Brown operated the non-profit organization, Caroline's Kids

Pet Rescue, in Painesville, Ohio.  The Rescue accepted and cared for abandoned, feral, ill,

aged and dying cats.  On November 17, 2016, Defendant Lake Humane Society received

a complaint that cats at Caroline's Kids were being mistreated.  On November 28, 2016,

humane agent, Leanne Pike, and Lake Humane employee, Mandy Osborne, came to the

Caroline's Kids premises to investigate the complaint. They received permission over the phone from Judie Brown to enter and look at the facility, the animals and any veterinary records. Following Pike and Osborne's investigation, Lake Humane obtained search warrants and seized approximately 161 cats.

On December 11, 2016, Lake Humane appointed Defendants DanaMarie Pannella and J. Jeffrey Holland of the law firm Holland & Muirden as special prosecutors on the Caroline's Kids investigation. Defendant Pannella reviewed the relevant reports, photos and post-seizure veterinary diagnoses and determined that sufficient evidence existed to charge Plaintiffs Tom and Judie Brown, Ellen Distler and Virginia Wolford Lee with Companion Animal Cruelty, in violation of Ohio Revised Code § 959.131, a Misdemeanor of the Second Degree.

The Browns were unable to reach an agreement to avoid prosecution and payment of restitution in the amount of $9,000.00 to Lake Humane for the costs of rehabilitation and boarding of the cats. Instead, a mandatory probable cause hearing was scheduled. The Browns obtained a continuance of the first hearing and later waived their right to a probable cause hearing.

On January 23, 2017, misdemeanor charges were filed against Plaintiffs Distler and Wolford Lee. Thereafter, on February 14, 2017, misdemeanor animal cruelty charges were filed against Tom and Judie Brown in Painesville Municipal Court. The criminal cases against all four Plaintiffs were consolidated.

On February 13, 2017, the instant Complaint was instituted, alleging Fourteenth Amendment violations under 42 U.S.C. § 1983; the unconstitutionality of the Ohio statutory

scheme for humane societies; and fraud, extortion and racketeering against Holland, Pannella and others.  On September 11, 2017, the Court stayed the within matter pursuant to the *Younger* Doctrine and in light of the pending state criminal proceedings.  The Court specifically acknowledged that the pending state court proceedings implicated a significant state interest and provided Plaintiffs an adequate opportunity to assert their constitutional challenges.  (ECF DKT #41 at 10).

The Browns were each convicted of twenty-four Counts of Companion Animal Cruelty.  Their convictions were affirmed in the Eleventh Appellate District case of *State of Ohio v. Virginia Wolford Lee, et al.*; and the Ohio Supreme Court declined to accept a discretionary appeal.  Thus, Plaintiffs exhausted their state appellate remedies.

Upon Defendants' Motion, the stay was lifted; and the case was reactivated to allow Defendants to file dispositive motions unless Plaintiffs voluntarily dismissed their Complaint before that time.

To date, Plaintiffs have not moved to reactivate the prosecution of their case nor to seek dismissal.  Consequently, Defendants J. Jeffrey Holland and DanaMarie Pannella filed the instant Motion to Dismiss, arguing that they are entitled to immunity from Plaintiffs' claims against them.  Plaintiffs have filed no response to the Motion.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 12(b)(6) Standard of Review

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Factual

allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal* 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**<u>Unopposed motions</u>**

Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds*

-4-

*Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D.Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000)).  A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit.  *Cacevic, id.*  Any further review by this Court would be an inefficient use of the Court's limited resources.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Ohio Humane Societies and Enforcement**

Lake Humane Society is organized under R.C. § 1717.05.  The precise language of the subsequent section, R.C. § 1717.06, reads:  "A county humane society organized under section 1717.05 of the Revised Code *may* appoint agents for the purpose of prosecuting any person guilty of an act of cruelty to persons or animals."  (Emphasis added).

In addition, pursuant to R.C. § 2931.18:  "A humane society or its agent may employ an attorney, and may also employ one or more assistant attorneys to prosecute violations of law relating to . . . prevention of cruelty to animals or children" but "shall not employ an attorney or one or more assistant attorneys to prosecute a *felony* violation of section 959.131 of the Revised Code [cruelty against a companion animal]."  (Emphasis added).

Moreover, the prosecution by counsel employed by a humane society of a criminal action relating to cruelty to animals does not violate the constitutional requirement that prosecutions be carried on in the name of and by the authority of the state.  *State v. Hafle*, 52 Ohio App.2d 9 (1977).

-5-

Plaintiffs offer no opposing arguments and provide no more than bare allegations challenging the constitutionality of the statutory framework for humane societies and the purported unlawful delegation of their criminal prosecution to private persons or entities.

Without question, county humane societies have statutory authority pursuant to R.C. § 2931.18 to appoint attorneys to prosecute violations of law relating to animal cruelty.

Moreover, a federal district court does not sit as a reviewing tribunal over state or municipal courts which, in this instance, have affirmed the criminal cases against Plaintiffs.

Therefore, the Court finds that Plaintiffs' animal cruelty prosecutions and misdemeanor convictions were statutorily appropriate and legally valid.

**Absolute immunity**

The Supreme Court in *Imbler v. Pachtman* held that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" was not amenable to suit under § 1983. 424 U.S. 409, 410 (1976). "An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Id.* at 419 n.13; *Cady v. Arenac County*, 574 F.3d 334, 339 (2009). "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct ... insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Burns v. Reed*, 500 U.S. 478 at 486 (1991); *Cady*, 574 F.3d at 340.

Conduct associated with plea bargains has long been considered "so intimately associated with the prosecutor's role as an advocate of the State in the judicial process" as to warrant absolute immunity. *Cady*, 574 F.3d at 341.

Courts will bar § 1983 suits arising out of even unquestionably illegal or improper

-6-

conduct by the prosecutor so long as the general nature of the action in question is part of the normal duties of a prosecutor.  *Imbler*, 424 U.S. at 413, 430.

Plaintiffs sued Defendants Holland and Pannella in their individual capacities and made vague complaints about plea bargaining and probable cause hearings in their Misdemeanor Animal Cruelty cases.  All of Defendants' actions were undertaken within the scope of their duties as duly-appointed prosecutors with Ohio statutory authority.

Defendants are shielded by absolute prosecutorial immunity and Plaintiffs' claims brought against Defendants personally are dismissed.

**Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Eleventh Amendment immunity functions as a jurisdictional bar to prevent federal courts from hearing cases brought against a state by the citizens of that state or of another state.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2021).  Immunity applies unless the state has consented or Congress has clearly expressed the intent to abrogate immunity.  *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Congress possesses the authority to abrogate Eleventh Amendment immunity in order to enforce rights guaranteed by the Fourteenth Amendment.  *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976).  However, Congress did not clearly abrogate Eleventh Amendment immunity by enacting 42 U.S.C. § 1983.  *Quern v. Jordan*, 440 U.S. 332, 340–41 (1979).

"In an official capacity action, the plaintiff seeks damages not from the individual officer, but from the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir.1993). "[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159 (1985).

Plaintiffs have sued Defendants Holland and Pannella in their official capacities as special prosecutors. By virtue of R.C. § 2931.18, Defendants acted in the name of the State of Ohio. The Eleventh Amendment forecloses § 1983 and racketeering suits brought against a state, its agencies and its officials sued in their official capacities for damages. *Graham*, 473 U.S. at 169.

Plaintiffs have not revived their official capacity claims against Defendants Holland and Pannella nor have they opposed Defendants' Motion. Thus, as a matter of law and under the Eleventh Amendment, Defendants are entitled to dismissal of Plaintiffs' claims lodged against them in their official capacity.

### III. CONCLUSION

Therefore, the Court deems Plaintiffs' continuing "failure to respond" to be a "confession" to the merits of Defendants' Motion. *Cacevic, id.* Any further review by this Court would be a waste of the Court's limited resources. *Thomas v. Arn*, *id.* The Motion (ECF DKT #50) of Defendants J. Jeffrey Holland and DanaMarie Pannella to Dismiss is granted.

**IT IS SO ORDERED.**

**DATE: January 7, 2022**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**

-8-

**Senior United States District Judge**