UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CAROLINE'S KIDS PET RESCUE, et al.,** ) | CASE NO. 1:17CV297 |
| Plaintiffs, ) | |
| ) | SENIOR JUDGE |
| ) | CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **LAKE HUMANE SOCIETY, et al.,** ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #51) of Defendant Jeff Greco for Summary Judgment. For the following reasons, the Motion is granted.

## I. FACTUAL BACKGROUND

On August 18, 2016, Defendant Mentor Police Officer Jeff Greco accompanied Defendant Leanne Pike, an agent of the Lake Humane Society, to the home of Plaintiff Patricia C. Nowak. Pike was investigating suspected abuse or neglect of one of Nowak's dogs. Upon entering Nowak's house, observing the dog and talking with Nowak, Pike suggested that she could help arrange for the dog's adoption. Nowak signed an Animal Surrender Form.

In the February 13, 2017 Complaint, Nowak alleged that Defendants obtained the surrender of her dog through intimidation by threat of arrest and jail. (ECF DKT #1, ¶ 38AA). Nowak alleged Racketeering Claims against all Defendants. (*Id*., ¶¶ 73, *et seq*.). Nowak further alleged that Defendants Greco and Pike forced their way into her house in violation of her Fourth Amendment rights. (*Id*., ¶ 76). Defendants allegedly used extortion

through fear to compel Nowak to surrender her dog. (*Id*., ¶ 77). Nowak claimed her Due Process rights were violated when Defendants forced her to give up her dog. (*Id*., ¶ 96). Further, Nowak's First Amendment rights were violated because she was prevented from visiting her dog at the shelter. (*Id*., ¶ 97).

Defendant Greco moves for summary judgment in his favor on Plaintiff Nowak's claims arising out of their sole encounter on August 18, 2016. In his Affidavit (ECF DKT #51-1), Greco states that he was present at Nowak's house on that date for safety and security reasons and at the request of Pike, a Lake Humane Society agent. Pike informed him that the dog was being kept in improper, dangerous and cruel conditions contrary to Ohio law. Greco was informed that Nowak had glued gems to the dog's face, had neglected the dog and had attempted to have the dog euthanized despite its age and good health. Greco states that he lawfully entered Nowak's home upon her invitation. According to Greco, Nowak signed the Animal Surrender Form freely and without coercion. Greco contends that he behaved appropriately and professionally in his interactions with Nowak. Greco states that he did not violate any laws nor the constitutional rights of Nowak or any Plaintiff. Greco has not encountered or interacted with Nowak since August 18, 2016.

Plaintiff Nowak has filed no response to Defendant Greco's dispositive motion.

## II. LAW AND ANALYSIS

**Fed.R.Civ.P. 56 Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no

genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Unopposed motions**

Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D.Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.* Any further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Racketeer Influenced and Corrupt Organizations ("RICO")**

18 U.S.C. § 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

To state a RICO claim, a plaintiff must plead the following elements: "(1) conduct (2)

of an enterprise (3) through a pattern (4) of racketeering activity." *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 791 (6th Cir. 2021), quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

**"Conduct"**

A plaintiff must set forth allegations to establish that the defendant conducted or participated, "directly or indirectly, in the conduct of [the RICO] enterprise's affairs." 18 U.S.C. § 1962(c); *Ouwinga*, 694 F.3d at 791-792.

In *Reves v. Ernst & Young*, the Supreme Court held that participation in the conduct of an enterprise's affairs requires proof that the defendant participated in the "operation or management" of the enterprise. 507 U.S. 170 (1993).

**"Enterprise"**

RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

In order to establish the existence of an "enterprise" under § 1962(c), a plaintiff is required to prove: (1) an ongoing organization with some sort of framework or superstructure for making and carrying out decisions; (2) that the members of the enterprise functioned as a continuing unit with established duties; and (3) that the enterprise was separate and distinct from the pattern of racketeering activity in which it engaged. *Ouwinga*, 694 F.3d at 793; *United States v. Chance*, 306 F.3d 356, 372 (6th Cir. 2002) (citing *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir.1993)).

**"Pattern of Racketeering Activity"**

To establish a substantive RICO violation, a plaintiff must show "a pattern of racketeering activity." 18 U.S.C. § 1962(c). A pattern of racketeering activity requires, at a minimum, two acts of racketeering activity within ten years of each other. 18 U.S.C. § 1961(5).

The minimum two acts are not necessarily sufficient and a plaintiff must show "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. NW. Bell Tel. Co.*, 492 U.S. 229, 237–39 (1989). This requirement is known as the "relationship plus continuity" test. *See Brown v. Cassens Transp. Co.*, 546 F.3d 347, 355 (6th Cir. 2008).

In the absence of any contravening affidavits, sworn testimony or other relevant evidence offered by Plaintiff Nowak, her RICO claims against Defendant Greco fail. Greco is part of no enterprise except for the Mentor Police Department. Greco did not conduct the illegal affairs of any enterprise. Moreover, there is no proof of any pattern of activity since there was only the one incident involving Nowak and Greco.

**Constitutional Violations pursuant to 42 U.S.C. § 1983**

As the Supreme Court instructed in *Collins v City of Harker Heights, Texas*, 503 U.S. 115, 120-21 (1992): "Section 1983 provides a remedy against "any person" who, under color of state law, deprives another of rights protected by the Constitution."

As an officer with the City of Mentor Police Department, Defendant Greco would be considered a "state actor." However, since Plaintiff Nowak has filed no opposition to the dispositive motion, there is no evidence to support her claimed violations of her First

-6-

Amendment, Fourth Amendment or Fourteenth Amendment Due Process rights.

Defendant Greco states in his Affidavit (ECF DKT #51-1) that he entered Nowak's residence on August 18, 2016 at her invitation. There is no contrary evidence to establish a Fourth Amendment violation.

Defendant Greco produces a copy of the Animal Surrender Form which Nowak signed on August 18, 2016. (ECF DKT #51-4). Nowak initialed her acknowledgment that she was relinquishing *all rights of ownership* in the dog she turned over to Defendant Pike. Thus, Nowak cannot prove that there was an illegal seizure under the Fourth Amendment; that she had a First Amendment right to visit the animal shelter; and that her Due Process rights regarding the seizure of property were infringed.

### III. CONCLUSION

Therefore, the Court deems Plaintiff Patricia C. Nowak's continuing "failure to respond" to be a "confession" to the merits of Defendant's Motion. *Cacevic, id.* Any further review by this Court would be a waste of the Court's limited resources. *Thomas v. Arn*, *id.* The Motion (ECF DKT #51) of Defendant Jeff Greco for Summary Judgment is granted.

**IT IS SO ORDERED.**

**DATE: February 7, 2022**

 s/Christopher A. Boyko
 **CHRISTOPHER A. BOYKO**
 **Senior United States District Judge**