UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CAROLINE'S KIDS** ) | CASE NO. 1:17CV297 |
| **PET RESCUE, et al.,** ) | |
| Plaintiffs, ) | SENIOR JUDGE |
| ) | CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **LAKE HUMANE SOCIETY, et al.,** ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #52) of Defendant Susan Fasso to Dismiss. For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

Plaintiffs Tom and Judie Brown operated the non-profit organization, Caroline's Kids Pet Rescue, in Painesville, Ohio. The Rescue accepted and cared for abandoned, feral, ill, aged and dying cats. On November 17, 2016, Defendant Lake Humane Society received a complaint that cats at Caroline's Kids were being mistreated. On November 28, 2016, humane agent, Leanne Pike, and Lake Humane employee, Mandy Osborne, came to the Caroline's Kids premises to investigate the complaint. They received permission over the

phone from Judie Brown to enter and look at the facility, the animals and any veterinary records. Following Pike and Osborne's investigation, Lake Humane obtained search warrants and seized approximately 161 cats.

On December 11, 2016, Lake Humane appointed Defendants DanaMarie Pannella and J. Jeffrey Holland of the law firm Holland & Muirden as special prosecutors on the Caroline's Kids investigation. Defendant Pannella reviewed the relevant reports, photos and post-seizure veterinary diagnoses and determined that sufficient evidence existed to charge Plaintiffs Tom and Judie Brown, Ellen Distler and Virginia Wolford Lee with Companion Animal Cruelty, in violation of Ohio Revised Code § 959.131, a Misdemeanor of the Second Degree.

The Browns were unable to reach an agreement to avoid prosecution and payment of restitution in the amount of $9,000.00 to Lake Humane for the costs of rehabilitation and boarding of the cats. Instead, a mandatory probable cause hearing was scheduled. The Browns obtained a continuance of the first hearing and later waived their right to a probable cause hearing.

On January 23, 2017, misdemeanor charges were filed against Plaintiffs Distler and Wolford Lee. Thereafter, on February 14, 2017, misdemeanor animal cruelty charges were filed against Tom and Judie Brown in Painesville Municipal Court. The criminal cases against all four Plaintiffs were consolidated.

On February 13, 2017, the instant Complaint was instituted, alleging First, Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983; the unconstitutionality of the Ohio statutory scheme for humane societies; and fraud, extortion and racketeering against Lake

Humane, its agents, officers and board members. Defendant Susan Fasso was sued personally and as Secretary of Lake Humane.

On September 11, 2017, the Court stayed the within matter pursuant to the *Younger* Doctrine and in light of the pending state criminal proceedings. The Court specifically acknowledged that the pending state court proceedings implicated a significant state interest and provided Plaintiffs an adequate opportunity to assert their constitutional challenges. (ECF DKT #41 at 10).

The Browns were each convicted of twenty-four Counts of Companion Animal Cruelty. Their convictions were affirmed in the Eleventh Appellate District case of *State of Ohio v. Virginia Wolford Lee, et al.*; and the Ohio Supreme Court declined to accept a discretionary appeal. Thus, all state appellate remedies were exhausted.

Upon Defendants' Motion, the stay was lifted; and the above-captioned case was reactivated to allow Defendants to file dispositive motions unless Plaintiffs voluntarily dismissed their Complaint before that time.

To date, Plaintiffs have not moved to reactivate the prosecution of their case nor to seek voluntary dismissal. Consequently, Defendant Susan Fasso filed the instant Motion to Dismiss (ECF DKT #52), arguing that Plaintiffs have shown no evidence that they intend to prosecute their action and that she is entitled to dismissal of the suit against her as a matter of law. Plaintiffs have filed no response to the Motion.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 12(b)(6) Standard of Review

"In reviewing a motion to dismiss, we construe the complaint in the light most

favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 679.

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.*

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

**Unopposed motions**

Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D.Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.* Any further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Ohio Humane Societies and Enforcement**

Lake Humane Society is organized under R.C. § 1717.05. The precise language of the subsequent section, R.C. § 1717.06, reads: "A county humane society organized under section 1717.05 of the Revised Code *may* appoint agents for the purpose of prosecuting any person guilty of an act of cruelty to persons or animals." (Emphasis added).

In addition, pursuant to R.C. § 2931.18: "A humane society or its agent may employ an attorney, and may also employ one or more assistant attorneys to prosecute violations of law relating to . . . prevention of cruelty to animals or children."

Moreover, the prosecution by counsel employed by a humane society of a criminal action relating to cruelty to animals does not violate the constitutional requirement that prosecutions be carried on in the name of and by the authority of the state. *State v. Hafle*, 52 Ohio App.2d 9 (1977).

Plaintiffs offer no opposing arguments and provide no more than bare allegations challenging the constitutionality of the statutory framework for humane societies and the purported unlawful delegation of their criminal prosecution to private persons or entities.

Without question, county humane societies have statutory authority pursuant to R.C. § 2931.18 to appoint attorneys to prosecute violations of law relating to animal cruelty.

Furthermore, a federal district court does not sit as a reviewing tribunal over state or municipal courts which, in this instance, have affirmed the criminal cases against Plaintiffs.

Therefore, the Court finds that Plaintiffs' animal cruelty prosecutions brought by Lake Humane Society as well as Plaintiffs' ensuing misdemeanor convictions were statutorily appropriate and constitutionally valid.

**Racketeer Influenced and Corrupt Organizations ("RICO")**

18 U.S.C. § 1962(c) provides:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

To state a RICO claim, a plaintiff must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 791 (6th Cir. 2021), quoting *Moon v. Harrison Piping Supply*,

465 F.3d 719, 723 (6th Cir. 2006).

**"Conduct"**

A plaintiff must set forth allegations to establish that the defendant conducted or participated, "directly or indirectly, in the conduct of [the RICO] enterprise's affairs." 18 U.S.C. § 1962(c); *Ouwinga*, 694 F.3d at 791-792.

In *Reves v. Ernst & Young*, the Supreme Court held that participation in the conduct of an enterprise's affairs requires proof that the defendant participated in the "operation or management" of the enterprise. 507 U.S. 170 (1993).

**"Enterprise"**

RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

In order to establish the existence of an "enterprise" under § 1962(c), a plaintiff is required to prove: (1) an ongoing organization with some sort of framework or superstructure for making and carrying out decisions; (2) that the members of the enterprise functioned as a continuing unit with established duties; and (3) that the enterprise was separate and distinct from the pattern of racketeering activity in which it engaged. *Ouwinga*, 694 F.3d at 793; *United States v. Chance*, 306 F.3d 356, 372 (6th Cir. 2002) (citing *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir.1993)).

**"Pattern of Racketeering Activity"**

To establish a substantive RICO violation, a plaintiff must show "a pattern of

racketeering activity." 18 U.S.C. § 1962(c). A pattern of racketeering activity requires, at a minimum, two acts of racketeering activity within ten years of each other. 18 U.S.C. § 1961(5).

The minimum two acts are not necessarily sufficient and a plaintiff must show "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. NW. Bell Tel. Co.*, 492 U.S. 229, 237–39 (1989). This requirement is known as the "relationship plus continuity" test. *See Brown v. Cassens Transp. Co.*, 546 F.3d 347, 355 (6th Cir. 2008).

In the absence of any specific factual allegations against Defendant Susan Fasso, Plaintiffs' RICO claims against Defendant Fasso fail. Fasso is part of no enterprise except for the Lake Humane Society for which she serves as Secretary. There is no showing that Fasso conducted the illegal affairs of any enterprise; nor have Plaintiffs demonstrated any pattern of racketeering activity. Aside from naming her in the caption of the Complaint and in the headings of several Counts, Plaintiffs allege no specific act or omission on the part of Defendant Fasso.

**Constitutional Violations pursuant to 42 U.S.C. § 1983**

As the Supreme Court instructed in *Collins v City of Harker Heights, Texas*, 503 U.S. 115, 120-21 (1992): "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." To prevail, a plaintiff must demonstrate that a specific defendant's actions deprived him of one or more constitutional rights. See *Vos v. Cordray*, 719 F.Supp.2d 832, 839 (N.D. Ohio 2010).

Upon a thorough review of Plaintiffs' Complaint, the Court finds no allegations of

specific acts or omissions by Defendant Fasso. And, by failing to respond to the instant dispositive motion, Plaintiffs do not direct the Court's attention to any sufficient factual claims. Thus, Plaintiffs can obtain no relief against Defendant Fasso for alleged violations of the First, Fourth and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S. C. § 1983.

### III. CONCLUSION

Therefore, the Court deems Plaintiffs' ongoing "failure to respond" to be a "confession" to the merits of Defendant's Motion. *Cacevic, id.* Any further review by this Court would be a waste of the Court's limited resources. *Thomas v. Arn*, *id.* The Motion (ECF DKT #52) of Defendant Susan Fasso to Dismiss is granted.

**IT IS SO ORDERED.**

**DATE: February 10, 2022**

          s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**