UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROLINE'S KIDS ) | CASE NO. 1:17CV297 |
| PET RESCUE, et al., ) | |
| Plaintiffs, ) | SENIOR JUDGE |
| ) | CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | OPINION AND ORDER |
| LAKE HUMANE SOCIETY, et al., ) | |
| ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, SR. J.**:

This matter comes before the Court upon the Motion (ECF DKT #53) for Summary Judgment of Defendants: Lake Humane Society; Lee Nesler (Executive Director); Rich Harmon (President); Leanne Pike (Humane Agent); Ronald Traub (Vice President); Terri Miller (Treasurer); Lori Caszatt (Board Member); Karin Henschel (Board Member); Laura Gray (Board Member); Dawn Plante (Board Member); James Schleicher (Board Member); and Deborah Nemeckay Doyle (Board Member). For the following reasons, the Motion is granted.

### I. FACTUAL BACKGROUND

Plaintiffs Tom and Judie Brown operated the non-profit organization, Caroline's Kids

Pet Rescue, in Painesville, Ohio. The Rescue accepted and cared for abandoned, feral, ill, aged and dying cats. On November 17, 2016, Defendant Lake Humane Society received a complaint that cats at Caroline's Kids were being mistreated. On November 28, 2016, humane agent, Leanne Pike, and Lake Humane employee, Mandy Osborne, came to the Caroline's Kids premises to investigate the complaint. They received permission over the phone from Judie Brown to enter and look at the facility, the animals and any veterinary records. Following Pike and Osborne's investigation, Lake Humane obtained search warrants and seized approximately 161 cats.

On August 18, 2016, Defendant Mentor Police Officer Jeff Greco accompanied Defendant Leanne Pike, an agent of the Lake Humane Society, to the home of individual Plaintiff Patricia C. Nowak. Pike was investigating suspected abuse or neglect of one of Nowak's dogs. Upon entering Nowak's house, observing the dog and talking with Nowak, Pike suggested that she could help arrange for the dog's adoption. Nowak signed an Animal Surrender Form.

On December 11, 2016, Lake Humane appointed Defendants DanaMarie Pannella and J. Jeffrey Holland of the law firm Holland & Muirden as special prosecutors on the Caroline's Kids investigation. Defendant Pannella reviewed the relevant reports, photos and post-seizure veterinary diagnoses and determined that sufficient evidence existed to charge Plaintiffs Tom and Judie Brown, Ellen Distler and Virginia Wolford Lee with Companion Animal Cruelty, in violation of Ohio Revised Code § 959.131, a Misdemeanor of the Second Degree.

The Browns were unable to reach an agreement to avoid prosecution and payment of

restitution in the amount of $9,000.00 to Lake Humane for the costs of rehabilitation and boarding of the cats. Instead, a mandatory probable cause hearing was scheduled. The Browns obtained a continuance of the first hearing and later waived their right to a probable cause hearing.

On January 23, 2017, misdemeanor charges were filed against Plaintiffs Distler and Wolford Lee. Thereafter, on February 14, 2017, misdemeanor animal cruelty charges were filed against Tom and Judie Brown in Painesville Municipal Court. The criminal cases against all four Plaintiffs were consolidated.

On February 13, 2017, the instant Complaint was instituted, alleging First, Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983; the unconstitutionality of the Ohio statutory scheme for humane societies; and fraud, extortion and racketeering against Lake Humane, its agents, officers and board members. Also in the Complaint, Plaintiff Nowak separately alleged that Defendants obtained the surrender of her dog through intimidation by threat of arrest and jail; alleged racketeering claims against all Defendants; alleged that Defendants Greco and Pike forced their way into her house in violation of her Fourth Amendment rights; and alleged that Defendants used extortion through fear to compel Nowak to surrender her dog. Nowak claimed her Due Process rights were violated when Defendants forced her to give up her dog; and her First Amendment rights were violated because she was prevented from visiting her dog at the shelter.

On September 11, 2017, the Court stayed the within matter pursuant to the *Younger* Doctrine and in light of the pending state criminal proceedings. The Court specifically acknowledged that the pending state court proceedings implicated a significant state interest

and provided Plaintiffs an adequate opportunity to assert their constitutional challenges. (ECF DKT #41 at 10).

The Browns were each convicted of twenty-four Counts of Companion Animal Cruelty. Their convictions were affirmed in the Eleventh Appellate District case of *State of Ohio v. Virginia Wolford Lee, et al.*; and the Ohio Supreme Court declined to accept a discretionary appeal. Thus, all state appellate remedies were exhausted.

Upon Defendants' Motion, the stay was lifted; and the above-captioned case was reactivated to allow Defendants to file dispositive motions unless Plaintiffs voluntarily dismissed their Complaint before that time.

To date, Plaintiffs have not moved to reactivate the prosecution of their case nor to seek voluntary dismissal.

Consequently, the Lake Humane Defendants filed the instant Motion (ECF DKT #53) for Summary Judgment, arguing that they properly enforced the animal cruelty statutes in the Ohio Revised Code; that the statutory scheme for humane societies is constitutionally valid; that none of Plaintiffs' constitutional rights were violated; and that Plaintiffs' claims of fraud, extortion and racketeering are unfounded. Plaintiffs have filed no response to this dispositive motion.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 56 Standard of Review

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no

genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Unopposed motions**

Local Rule 7.1(g) authorizes the Court to "rule on unopposed motions without hearing at any time after the time for filing an opposition has expired." Pursuant to Local Rule 7.1(d), "each party opposing a motion must serve and file a memorandum in opposition within thirty (30) days after service of any dispositive motion." The district court's power to grant dispositive motions because they are unopposed is firmly settled. *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, *2 (N.D.Ohio 2005); *Peacock v. Bayview Loan Serv.*, 2005 U.S. Dist. LEXIS 10276, *9-10 (N.D.Ohio 2005) (both citing to *Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir. 2000)). A party's continuing "failure to respond" may be deemed a "confession" to the motion's merit. *Cacevic, id.* Any further review by this Court would be an inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**Ohio Humane Societies and Enforcement**

Lake Humane Society is organized under R.C. § 1717.05. The precise language of the subsequent section, R.C. § 1717.06, reads: "A county humane society organized under section 1717.05 of the Revised Code *may* appoint agents for the purpose of prosecuting any person guilty of an act of cruelty to persons or animals." (Emphasis added).

In addition, pursuant to R.C. § 2931.18: "A humane society or its agent may employ

an attorney, and may also employ one or more assistant attorneys to prosecute violations of law relating to . . . prevention of cruelty to animals or children."

Moreover, the prosecution by counsel employed by a humane society of a criminal action relating to cruelty to animals does not violate the constitutional requirement that prosecutions be carried on in the name of and by the authority of the state. *State v. Hafle*, 52 Ohio App.2d 9 (1977).

Plaintiffs offer no opposing arguments and provide no more than bare allegations challenging the constitutionality of the statutory framework for humane societies and the purported unlawful delegation of their criminal prosecution to private persons or entities.

Without question, county humane societies have statutory authority pursuant to R.C. § 2931.18 to appoint attorneys to prosecute violations of law relating to animal cruelty.

Furthermore, a federal district court does not sit as a reviewing tribunal over state or municipal courts which, in this instance, have affirmed the criminal cases against Plaintiffs.

Therefore, the Court finds that Plaintiffs' animal cruelty prosecutions brought by Lake Humane Society as well as Plaintiffs' ensuing misdemeanor convictions were statutorily appropriate and constitutionally valid.

**Racketeer Influenced and Corrupt Organizations ("RICO")**

18 U.S.C. § 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

To state a RICO claim, a plaintiff must plead the following elements: "(1) conduct (2)

of an enterprise (3) through a pattern (4) of racketeering activity." *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 791 (6th Cir. 2021), quoting *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006).

**"Conduct"**

A plaintiff must set forth allegations to establish that the defendant conducted or participated, "directly or indirectly, in the conduct of [the RICO] enterprise's affairs." 18 U.S.C. § 1962(c); *Ouwinga*, 694 F.3d at 791-792.

In *Reves v. Ernst & Young*, the Supreme Court held that participation in the conduct of an enterprise's affairs requires proof that the defendant participated in the "operation or management" of the enterprise. 507 U.S. 170 (1993).

**"Enterprise"**

RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

In order to establish the existence of an "enterprise" under § 1962(c), a plaintiff is required to prove: (1) an ongoing organization with some sort of framework or superstructure for making and carrying out decisions; (2) that the members of the enterprise functioned as a continuing unit with established duties; and (3) that the enterprise was separate and distinct from the pattern of racketeering activity in which it engaged. *Ouwinga*, 694 F.3d at 793; *United States v. Chance*, 306 F.3d 356, 372 (6th Cir. 2002) (citing *Frank v. D'Ambrosi*, 4 F.3d 1378, 1386 (6th Cir.1993)).

**"Pattern of Racketeering Activity"**

To establish a substantive RICO violation, a plaintiff must show "a pattern of racketeering activity." 18 U.S.C. § 1962(c). A pattern of racketeering activity requires, at a minimum, two acts of racketeering activity within ten years of each other. 18 U.S.C. § 1961(5).

The minimum two acts are not necessarily sufficient and a plaintiff must show "that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. NW. Bell Tel. Co.*, 492 U.S. 229, 237–39 (1989). This requirement is known as the "relationship plus continuity" test. *See Brown v. Cassens Transp. Co.*, 546 F.3d 347, 355 (6th Cir. 2008).

In the absence of any contravening affidavits, sworn testimony or other relevant evidence offered by Plaintiffs, their RICO claims against the Lake Humane Defendants fail.

Plaintiffs have not identified any illegal conduct and have not demonstrated that any of the Lake Humane Defendants' activities affected interstate or foreign commerce as required by 18 U.S.C. § 1962(c). It is undisputed that Defendants investigate credible reports of animal neglect or cruelty in furtherance of state and local laws. (Defendant Nesler's Affidavit, ECF DKT #53-5). Plaintiffs cannot satisfy the interstate commerce aspect of the RICO statute.

Plaintiffs allege that the Lake Humane Defendants use fraud and extortion to unjustifiably compel private rescue facilities to surrender their animals and to pay crippling amounts of restitution in order to eliminate competition for charitable donations. (Complaint, ECF DKT #1, ¶ 35, *et seq.*). At the summary judgment stage, however, Plaintiffs cannot rely on their pleadings alone. The Lake Humane Defendants proffer the affidavit of their

Executive Director explaining the Society's legitimate purpose; and provide documentation of the state prosecution and conviction of Plaintiffs Tom Brown, Judie Brown, Ellen Distler and Virginia Lee which have been upheld at every level. Without producing evidence of their own, Plaintiffs cannot demonstrate racketeering conduct nor a pattern of illicit activity.

**Constitutional Violations pursuant to 42 U.S.C. § 1983**

As the Supreme Court instructed in *Collins v City of Harker Heights, Texas*, 503 U.S. 115, 120-21 (1992): "Section 1983 provides a remedy against 'any person' who, under color of state law, deprives another of rights protected by the Constitution." To prevail, a plaintiff must demonstrate that a specific defendant's actions deprived him of one or more constitutional rights. See *Vos v. Cordray*, 719 F.Supp.2d 832, 839 (N.D. Ohio 2010).

Plaintiffs' § 1983 claims against the Lake Humane Defendants fail as a matter of law because Plaintiffs cannot establish any constitutional violations.

After Defendant Lake Humane Society's agent inspected the conditions at Plaintiff Caroline's Kids Pet Rescue premises, the agent obtained a court-issued search warrant. (Defendant Nesler's Affidavit, ECF DKT #53-5 at ¶ 18). Thereafter, Plaintiffs voluntarily surrendered 161 cats and ultimately waived their right to a probable cause hearing in the municipal court misdemeanor proceeding. (*Id*. at ¶ 10).

When Defendants Pike and Greco investigated animal abuse at Plaintiff Nowak's home, she allowed them inside; and ultimately, Nowak executed an Animal Surrender Form turning her dog over to Pike. Nowak signed and initialed a statement relinquishing all ownership interest in the dog and thereby forgoing any "visitation rights."

Beyond the mere allegations in Plaintiffs' Complaint, Plaintiffs provide no contrary

evidence to establish violations of the First Amendment, nor of Fourth Amendment Search and Seizure protections nor deprivation of Due Process rights provided by the Fourteenth Amendment.

### III. CONCLUSION

For all these reasons therefore, the Court deems Plaintiffs' continuing "failure to respond" to be a "confession" to the merits of Defendants' Motion. *Cacevic, id.* Any further review by this Court would be a waste of the Court's limited resources. *Thomas v. Arn*, *id.* The Motion (ECF DKT #53) for Summary Judgment of Defendants: Lake Humane Society; Lee Nesler (Executive Director); Rich Harmon (President); Leanne Pike (Humane Agent); Ronald Traub (Vice President); Terri Miller (Treasurer); Lori Caszatt (Board Member); Karin Henschel (Board Member); Laura Gray (Board Member); Dawn Plante (Board Member); James Schleicher (Board Member); and Deborah Nemeckay Doyle (Board Member) is granted.

**IT IS SO ORDERED.**

**DATE: February 14, 2022**

                                            s/Christopher A. Boyko
                                            **CHRISTOPHER A. BOYKO**
                                            **Senior United States District Judge**